UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASPER R. TALFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-cv-310 |
| | ) (Phillips/Guyton) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

**I.     Introduction**

This Social Security appeal is before the Court for consideration of the Plaintiff's objection [Doc. 17] to the Report and Recommendation ("R&R") issued by United States Magistrate Judge H. Bruce Guyton on July 5, 2012 [Doc. 16]. For the reasons contained herein, the Court **OVERRULES** Plaintiff's objection and **AFFIRMS** Magistrate Judge Guyton finding that Plaintiff's Motion for Summary Judgment [Doc. 12] should be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 14] should be **GRANTED**.

**II.    Background**

The following facts are taken from the Magistrate Judge Guyton's R&R.

On September 15, 2009, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began April 3, 2009. [Tr. 121-28]. After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On January 4, 2011, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 25-

1

48]. During the hearing, the Plaintiff amended his alleged onset date to March 25, 2010. [Tr. 28].

On February 3, 2011, the ALJ found that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the ALJ's findings

i. **ALJ Findings**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since March 25, 2010, the alleged onset date as amended (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: blind right eye and impaired vision in left eye; pain in legs, back, and hips; status post crushed right leg and uses brace for stability purposes; torn ligaments and cartilage in left knee; and organic brain disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except walk/stand 4 hours in an 8-hour workday; sit for 6 hours out of an 8-hour workday. The claimant is aided by use of a right leg brace. He is blind in right eye but has adequate vision in left eye and poor peripheral vision to the right side. The claimant can understand and remember simple instructions; can maintain attention and concentration for 2-hour periods; can relate adequately to others; can tolerate workplace stress and changes. He has moderate pain (versus severe pain) that precludes complex work.

6. The claimant is unable to perform any past relevant work (20

CFR 404.1565 and 416.965).

7. The claimant was born on March 25, 1960 and is 50 years old, which is defined as an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 25, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).[Tr. 15-20].

### III. Standard of Review

Judicial review of a Commissioner's decision is limited to an inquiry into whether the Commissioner failed to apply correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is immaterial whether the record also possesses substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The scope of the Court's review is limited to an examination of the record only, and the Court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide

questions of credibility.'" *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

IV.      Analysis

Both parties have filed motions for summary judgment. Magistrate Judge Guyton issued an R&R that recommended granting the Defendant's Motion for Summary Judgment and denying the Plaintiffs Motion. The Plaintiff's objection to the R&R rests on only one premise—Plaintiff argues that the ALJ erred by failing to consider the medical evaluation of Dr. Misra prior to its ruling. [Doc. 13 at 9]. The Plaintiff argues that failure to consider the medical evidence of Dr. Misra constitutes a substantial error. [Doc. 13 at 6]. The Defendant argues that the ALJ is not bound to rule on every piece of evidence before it, but the ALJ should consider the evidence as a whole. [Doc. 15 at 4]. Since the Plaintiff did not object to any other finding in the R&R, the Court need only consider the singular ground upon which the Plaintiff objects, namely, whether the ALJ should have more thoroughly addressed the medical evaluation of Dr. Misra.

As an initial matter, the ALJ did address the findings of Dr. Misra, so the Plaintiff's contention that the ALJ did not consider the findings of Dr. Misra is erroneous. The ALJ writes that:

> The claimant's physical capacity limitations are considered more than reasonable in light of the fact that Dr. Misra limited the claimant to medium work as did the State Agency physician. . . . Dr. Misra consultatively examined the claimant and assessed him with pre-diabetes; poor vision in the right eye; and non-specific arthritic pain. The physician limited him to occasional lifting of 50 pound[s]; frequent lifting of 10 pounds; sit for 6 hours out of an 8-hour workday; stand/walk for 4 hours each during an 8-hour workday; and occasionally perform postural activities and work around environmental hazards.

4

[Tr. 17-18]. Furthermore, the ALJ need not address every piece of evidence before it when making a decision. See Boseley v. Comm'r of Soc. Sec, 397 Fed. App'x 195, 199 (6th Cir. 2010) ("Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion."); Blake v. Astrue, 2012 WL 1867265, at *14 (S.D. W.Va. 2012) ("[A]n ALJ is not required to comment on every finding in a medical opinion.").

The Plaintiff's objection to the R&R is not well-taken. ALJ's are not bound to rule on all evidence before it. *Id.* And, even if ALJ's were bound to explicitly address all of the evidence, the ALJ did consider the evidence of Dr. Misra as excerpted above. The Plaintiff's objection to the R&R has no legal viability; accordingly, the Plaintiff's Objection to the R&R [Doc. 16] is **OVERRULED .**

V.     **Conclusion**

For the aforementioned reasons, the Court finds that the R&R issued by Magistrate Judge Guyton [Doc. 16] **is affirmed in its entirety**; accordingly, the Defendant's Motion for Summary Judgment [Doc. 14] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED**.

IT IS SO ORDERED.

ENTER:

s/ Thomas W. Phillips
United States District Judge